UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff, Criminal No. 13-CR-20779-02

vs. HON. BERNARD A. FRIEDMAN

CORNELIUS DEONTA COX,

Defendant.
_____________________________/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE**

This matter is presently before the Court on defendant's motion for appointment of counsel [docket entry 75] and for compassionate release and reduction of sentence [docket entry 76]. The government has filed a response in opposition, and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny defendant's motions.

Defendant first argues that he is entitled to compassionate release because he has high blood pressure and is African-American and is therefore vulnerable to infection from the coronavirus. Def.'s Mot. at 4. Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may, if other conditions are satisfied, reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction." The government acknowledges that defendant has hypertension, but it notes that he has essential hypertension, not pulmonary hypertension, and defendant concedes that he has no "underlying respiratory problem." Def.'s Mot. at 4. This Court has noted that hypertension is a common medical condition shared by over 100 million Americans. *See United States v. Colbert*, No. 99-80399, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020).

Defendant has provided no evidence to show that his hypertension, combined with his race, puts him at an unacceptably high risk of complications were he to be infected by the coronavirus. Current medical research indicates that "the link between hypertension and COVID-19 is unclear." *See* https://www.acc.org/latest-in-cardiology/articles/2020/07/06/08/15/covid-19-and-hypertension (last visited Aug. 2, 2020). This Court has noted the uncertain link between hypertension and susceptibility to COVID-19 complications. *See United States v. Jordan*, No. 09-CR-20490, 2020 WL 4016087, at *2 (E.D. Mich. July 16, 2020) (noting that "the CDC believes that hypertension 'might be' a COVID-19 risk factor, but this determination is still uncertain"). Moreover, defendant provides no information (or even any allegations) regarding the prevalence of the coronavirus at the institution where he is incarcerated or the measures being taken at that facility to control the spread of the virus. Defendant has therefore failed to show that his health and safety are at serious risk. *See id.* (stating that "a generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of extraordinary and compelling reasons justifying compassionate release identified by the Sentencing Commission") (quoting *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020).

Defendant also argues that he is entitled to a reduction in his sentence "because the prior drug conviction[s] are no longer eligible predicate offense[s]" to trigger the harsh sentence he received under the Armed Career Criminal Act or the career offender enhancement. Def.'s Mot. at 5-6. Defendant pled guilty to three charges: conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count Two); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count

Five); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Six). The factual basis for these charges was set forth in the parties' Rule 11 Plea Agreement as follows:

> The defendant has at least three prior convictions that are either crimes of violence or serious drug offenses. These include, but are not limited to, the following convictions out of Wayne County, Detroit, Michigan:
>
> - 03.01.04 - felony controlled substance delivery/manufacture
> - 09.30.04 - felony controlled substance delivery/manufacture
> - 03.18.05 - felony controlled substance delivery/manufacture
> - 01.19.11 - felony controlled substance delivery/manufacture
>
> On or about June 5, 2013, in the city of Inkster, Michigan, the defendant knowingly and unlawfully possessed with the intent to distribute the controlled substance of heroin. Specifically, defendant had approximately six grams of crack cocaine packaged for sale.[1]
>
> At the same time, the defendant knowingly possessed the following firearm:
>
> - Glock .40 caliber pistol, s/n CMP452
>
> The above-listed firearm had previously traveled in or affected interstate commerce. The defendant possessed the firearm in

[1] According to the presentence investigation report ("PSR"), to which neither party objected, defendant

> stipulated to possessing with intent to distribute 6 grams of heroin and 21.1 grams of "crack" cocaine. Six grams of heroin and 21.1 grams of "crack" cocaine is equivalent to approximately 81 kilograms of marijuana for guideline calculation purposes. In addition, he stipulated to maintaining a premises for the purpose of distributing controlled substances and possessing a stolen Glock .40 caliber firearm, serial number CMP452.

PSR ¶ 20.

> furtherance of his drug trafficking crime described above. Specifically, the defendant possessed the firearm in order to protect himself and the drugs he distributed.

Plea Agreement ¶ 1C (footnote added). The parties agreed that defendant's guideline range was 262 to 327 months and that defendant's custodial sentence would not exceed the top of this range. *Id.* ¶¶ 2B, 3A. Defendant's sentence on Counts Two and Five, which were grouped together for purposes of calculating the guidelines because they "involv[ed] substantially the same harm," PSR ¶ 26, was enhanced because defendant had three or more prior felony drug convictions. This caused him to be sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1), requiring the Court to impose a minimum 15-year (180-month) sentence. The statutory maximum sentences for Counts Two and Five are 20 years and life, respectively. *See* PSR ¶ 71. Count Six carries a mandatory minimum sentence of 5 years and a maximum of 40 years. *See id.*

The Court sentenced defendant on Counts Two and Five to two 240-month prison terms, to be served concurrently with each other; and on Count Six to a 60-month prison term, to be served consecutively to sentence on Counts Two and Five. This 300-month sentence was slightly above the mid-point of the guideline range to which the parties agreed.[2]

Defendant asserts that he is eligible for relief under the First Step Act "because the prior drug conviction[s] are no longer eligible predicate offense[s] to invoke either of those enhancement penalties." Def.'s Mot. at 6. The Court disagrees. The armed career criminal

---

[2] As the probation officer pointed out, the 262-327 month range correctly applied only to Counts Two and Five. *See* PSR ¶ 98. As Count Six must be sentenced separately, defendant's "aggregate guideline range is 322 to 387 months." *Id.* By this calculation, the Court sentenced defendant to nearly two years below the bottom of his guideline range. As noted, neither party filed any objections to the PSR.

enhancement is triggered when a defendant "who violates section 922(g) of this title . . . has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Defendant violated § 922(g)(1) by pleading guilty to being a felon in possession of a firearm, as alleged in Count Five. His prior state-court felony drug convictions are listed in the indictment under this count and in ¶ 1C of the plea agreement. Such a conviction qualifies as "serious drug offense" under § 924(e)(1) if it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." Section 924(e)(2)(A)(ii).

Defendant does not develop this argument, and it appears to have no merit. The indictment and plea agreement list four state-court felony drug convictions. The PSR provides detailed information about three state-court felony drug convictions dated 9-30-04 (defendant sentenced to four months to ten years), 3-18-05 (defendant sentenced to one to forty years), and 1-19-11 (defendant sentenced to two to twenty years). *See* PSR ¶¶ 44, 45, 47. Defendant does not explain how these three convictions no longer quality as predicates for the armed career criminal sentencing enhancement. As defendant was sentenced to ten years or more on each conviction, each meets the statutory definition of a serious drug offense.

For these reasons, the Court concludes that defendant has failed to show that the Court should release him under § 3582(c)(1)(A)(i) or reduce his sentence under the First Step Act. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release and reduction of sentence is denied.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: August 10, 2020
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2020.

Cornelius Deonta Cox, #49300039
Greenville Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 6000
GREENVILLE, IL 62246

s/Johnetta M. Curry-Williams
Case Manager