UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **CORNELIUS DEONTA COX,**  Defendant. | **2:13-CR-20779-TGB-DRG**  HON. TERRENCE G. BERG  **ORDER DENYING CORNELIUS DEONTA COX'S MOTIONS FOR COMPASSIONATE RELEASE**  **(ECF NOS. 98; 99)** |

Cornelius Deonta Cox is in the custody of the United States Bureau of Prisons. Cox moves the Court to grant him compassionate release from his 300-month prison sentence. ECF Nos. 98; 99; *see also* ECF No. 60, PageID.248–49 (Judgment, Jan. 7, 2015). For the reasons that follow, Cox's Motion for Compassionate Release is **DENIED**.

## I. BACKGROUND

In 2014, Cox pled guilty to possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(e); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF No. 37, PageID.119, PageID.130.

Specifically, when arrested, Cox was caught with the following firearms:

1. Glock, model 23, .40 caliber handgun, serial number CMP452, with a loaded magazine;
2. Smith and Wesson, model 410, .40 caliber handgun, serial number TDP5081, with a loaded magazine;
3. Sig Sauer, model P229, .40 caliber handgun, serial number AE14474, with a loaded magazine; and
4. Romarms, model WASR, 7.62X39 semi-automatic rifle, serial number 1981MF7379, with a loaded magazine.

ECF No. 105 at PageID.722. Cox also possessed boxes of handgun ammunition and two additional magazines for the rifle. *Id.*

Pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and pursuant to § 924(c)(1)(A)(i), the Court sentenced Cox to 300 months in prison. *See* ECF No. 60, PageID.247–249. Cox already had four convictions for serious drug offenses, making him eligible for an ACCA sentence. *See* ECF No. 105, PageID.708, 727–30. Cox's Guidelines were set under U.S.S.G. § 4B1.1 and § 4B1.4, with a resulting guideline imprisonment range of 262 to 327 months. *Id.* at PageID.703; *id.* at PageID.725, 736 (the Presentence Investigation Report ("PSR")). Since his sentence in January 2015, Cox has filed another Motion for Compassionate Release, ECF No. 76, denied at ECF No. 84; and a Motion to Vacate under 28 U.S.C. § 2255, ECF No. 91, denied at ECF No. 94. Cox

also states that his mother has recently become ill, and presents unredacted medical records to that effect. *See* ECF No. 98, PageID.592; *id.* at PageID.596–670.

## II. STANDARD

Under federal law:

> The court may not modify a term of imprisonment once it has been imposed except that … the court … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Section 3553(a)(5) of Title 18 of the United States Code provides that when imposing a sentence, the Court shall consider factors which include "any pertinent policy statement" issued by the Sentencing Commission. One such policy statement provides that "extraordinary and compelling reasons" for purposes of § 3582(c) include:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the

> motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13(b)(6).

After Cox's Motion was briefed, the Sixth Circuit held that U.S.S.G. § 1B1.13(b)(6) was invalid. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). It impermissibly instructed courts to apply nonretroactive changes in the law retroactively. *Id.* at 442–43.

### III. ANALYSIS

Cox makes several arguments for why his sentence should be modified pursuant to 18 U.S.C. § 3582(c). None of them entitle him to the relief he seeks.

#### A. *Bruen* Argument

Cox writes:

> The Supreme Court's Ruling in [*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)] created a new rule of constitutional law that was not available before and changed [the] requirements for his conviction.

ECF No. 98, PageID.591.

Interpreting Cox's argument liberally, Cox appears to argue that under *Bruen*, he would not have been convicted for violating 18 U.S.C. § 922(g)(1). The Sixth Circuit has applied *Bruen* to provide that § 922(g), which forbids felons from possessing firearms, applies to "dangerous individuals." *See United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024). But even if *Bruen* and *Williams* applied at the time of Cox's

sentencing (which they did not), those cases would not provide him with relief. Cox had previous felony convictions for drug trafficking. ECF No. 105, PageID.728, 730. The Sixth Circuit holds that "[a] person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed … a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. *Williams*, 113 F.4th at 663. Neither *Bruen* nor *Williams* justifies reducing Cox's sentence.

### B. "Selective Prosecution" Argument

Cox writes:

> In [*United States v. Jones*, 159 F.3d 969, 976–78 (6th Cir. 1998)], if his attorney would have brought up Equal Protection Claim on "selective prosecution." Mr. Cox would not have been charged in Federal Court, where his case was a State of Michigan case. His case never happened on federal land. … African-American is only 8% of the population in Michigan and 70% coming to federal court. In federal court defendant[s] get more time than they do in state court. If his attorney would have brought this up maybe Mr. Cox would never been in prison over 10 years, or in even in federal prison.

ECF No. 98, PageID.591.

Cox appears to assert that his case amounted to impermissible racially discriminatory selective prosecution. *See Jones*, 159 F.3d at 976–78. But this is a Motion for Compassionate Release under 18 U.S.C. § 3582(c), not an attack on the validity of his conviction. Cox does not show any "extraordinary" or "compelling" reasons why this argument

justifies reducing his sentence, so he is not entitled to relief under that statute. Moreover, the Court has already rejected Cox's motion to vacate his sentence under 28 U.S.C. § 2255. *See* ECF No. 94.

### C. Cox's Mother's Illness

Cox asserts that his mother "is very sick and needs his help." ECF No. 98, PageID.592. Cox submitted medical records which appear to show that his mother is unwell. *See id.* at PageID.596–670. However, as the government notes in their Response, ECF No. 105, PageID.711, those medical records indicate that Cox's mother is able to obtain adequate care for herself without Cox. *See* ECF No. 98, PageID.598–99 ("66 y.o. female presents today because she had concerns … . Pt's well-appearing. Moving all extremities. Speaking in full sentences. Respirations non-labored. … Results and findings discussed. Questions answered. she has not acute complaints. … Patient understands and agrees with plan."). And when the Sentencing Commission states that a parent's illness may be an extraordinary or compelling reason for release, the Commission states that this involves the *incapacitation* of the defendant's parent, and that the defendant is the only caregiver. U.S.S.G. § 1B1.13(b)(3)(C). Cox's mother does not appear incapacitated. And the record does not indicate that Cox is his mother's only available caregiver. Fortunately, she is receiving care. Cox's mother's regrettable illness does not entitle Cox to the relief he seeks.

### D. Arguments about Non-Applied Sentencing Guidelines

Cox argues:

> [I]f Mr. Cox [were] sentence[d] today, his prior convictions in 2004 and 2005 would not ... count, because they would have been over 15 years, for the small amount that was sold, less than 1 gram[].

ECF No. 98, PageID.592.

As the government notes, Cox appears to argue that his 2004 and 2005 convictions would not result in his receiving criminal history points pursuant to U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1). Those Guidelines provide that certain felonies are counted for Guidelines points if they are imposed "within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). But the Government correctly notes that Cox's Guidelines range was not set under U.S.S.G. § 4A1.1, but rather under U.S.S.G. § 4B1.1 and § 4B1.4. ECF No. 105, PageID.703, PageID.725 (the PSR). Cox was subject to an enhanced sentence as an armed career criminal and was subject to the offense level from U.S.S.G. § 4B1.1. *Id.* at PageID.725. Therefore, any difference in the law for § 4A1.1(a) and § 4A1.2(e)(1) does not entitle Cox to relief.

Similarly, Cox argues that "Amendment 821 [applies] to Mr. Cox. And his new Guideline, Criminal History is 14 now, 12 points. Also the mandatory minimums is 15 year that have changed pursuant to U.S.S.G. § 4B1.1(c)(3)." ECF No. 98, PageID.593.

The government persuades the Court that the first quoted sentence relates to "the Sentencing Commission's Amendment 821 to § 4A1.1, which limited the number of criminal history points a defendant would receive for being under any criminal justice sentence." ECF No. 105, PageID.704; *see Amendment 821*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Sep. 3, 2025). But because Cox was not sentenced under § 4A1.1, this change would not affect him.

As for Cox's argument about 15-year mandatory minimums under to U.S.S.G. § 4B1.1(c)(3), the government correctly argues that Cox's sentence was properly determined by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) and the § 924(c)(1)(A)(i). *See* ECF No. 60, PageID.247–249 (sentencing Cox to 240 months for violating § 922(g) and 60 months under § 924, running consecutively). Section 924(e)(1) provides that a person who violates § 922(g) and has three previous convictions for serious drug offenses on different occasions will be imprisoned not less than 15 years, and § 924(c)(1)(A)(i) provides that "any person who … in relation to any … drug trafficking crime … in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such … drug trafficking crime … be sentenced to a term of imprisonment of not less than 5 years."

### E. U.S.S.G. § 1B1.13(b)(6) Argument

Cox argues that under that Sentencing Commission policy statement § 1B1.13(b)(6), the Court should find that his sentence is unusually long compared to one that would have been issued today, and so should be reduced. ECF No. 98, PageID.592. But the Sixth Circuit held that U.S.S.G. § 1B1.13(b)(6) was invalid. *Bricker*, 135 F.4th at 430. Therefore, the Court cannot grant Cox relief based on U.S.S.G. § 1B1.13(b)(6). *See United States v. Spearman*, No. 91-50013, 2025 WL 2205825, at *2 (E.D. Mich. Aug. 4, 2025) (Behm, J.) (denying compassionate release arguments based on § 1B1.13(b)(6) because of *Bricker*); *United States v. Klosowski*, No. 12-20458, 2025 WL 2092522, at *4 (E.D. Mich. July 25, 2025) (Ludington, J.) (same); *United States v. Harper*, No. 11-20188, 2025 WL 1710224, at *5 (E.D. Mich. June 18, 2025) (Drain, J.) (same).

### F. *Erlinger* Argument

In Cox's "Amend[ed] Motion for … Compassionate Release," ECF No. 99, he cites to the recent case of *Erlinger v. United States*, 602 U.S. 821 (2024), *id.* at PageID.675, which held that the Fifth and Sixth Amendments require a jury to find that, for Armed Career Criminal Act purposes, the three qualifying previous convictions took place on different occasions. *See United States v. Thomas*, 142 F.4th 412, 415 (6th Cir. 2025). Cox, sentenced under the Armed Career Criminal Act, argues

that he would only have received a ten-year sentence if *Erlinger* had been decided before his sentencing. ECF No. 99, PageID.676.

The Court disagrees. Even if *Erlinger* is retroactive, the Sixth Circuit holds that *Erlinger* errors are subject to harmless error review. *Thomas*, 142 F.4th at 415; *United States v. Campbell*, 122 F.4th 624, 631–32 (6th Cir. 2024) (finding that based on facts a hypothetical jury would have been exposed to at trial, failure for the jury to decide defendant's ACCA status was harmless). And a jury would have found that Cox's three separate previous convictions took place on three different occasions: "Cox's criminal history in his PSR includes the same four separate convictions along with their offense dates. The offense dates are separated by months and Cox was arrested between each offense." ECF No. 105, PageID.708 (citations omitted); *see id.* at PageID.727–730 (the PSR). If *Erlinger* had been in effect when Cox was sentenced, and the Court had failed to comply with its requirements, that error would have been harmless. Accordingly, Cox is not entitled to early release.

G. **Cox is Not Entitled to Release for Any Other Reason**

The Court finds that there are no extraordinary and compelling circumstances pursuant to 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a) which support an early release for Cox. Cox had an extensive criminal record of drug trafficking. *See* ECF No. 105, PageID.726-30. In the instant case, Cox, already a multiple-time felon, was caught with drugs, along with the following firearms:

1. Glock, model 23, .40 caliber handgun, serial number CMP452, with a loaded magazine;

2. Smith and Wesson, model 410, .40 caliber handgun, serial number TDP5081, with a loaded magazine;

3. Sig Sauer, model P229, .40 caliber handgun, serial number AE14474, with a loaded magazine; and

4. Romarms, model WASR, 7.62X39 semi-automatic rifle, serial number 1981MF7379, with a loaded magazine.

*Id.* at PageID.722. Cox also possessed boxes of handgun ammunition and two additional magazines for the rifle. *Id.*

Although a 300-month sentence is a lengthy term of incarceration, Cox has not presented extraordinary or compelling reasons justifying his release.

Therefore, for the reasons given, Cox's Motions for Compassionate Release, ECF Nos. 98; 99, are **DENIED**.

**SO ORDERED.**

Dated: September 3, 2025        /s/Terrence G. Berg
                                HON. TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE